# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO A. WHITE, SR., | CV F05 1323 AWI LJO P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| KING, et.al., | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| Defendants. | |

Ricardo A. White, Sr. ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff seeks relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed the instant action on October 20, 2005, naming Officer King, SIS Officer Cole, Warden Schultz, and the United States of America as Defendants.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff states that on October 11, 2004, while confined at the U.S. Penitentiary in Atwater, California, Officer King deliberately and with malice closed an electronic steel metal door on Plaintiff while he was standing in the doorway resulting in serious injury to his back and violating his right to be free from cruel and unusual punishment. Plaintiff alleges that he filed grievances and a tort claim in order to exhaust his administrative remedies. On November 12, 2004, Officer Cole contacted Plaintiff and threatened to place him in the Special Housing Unit because of his filing grievances against Officer King. Plaintiff states these threats violated his First and Eighth Amendment rights.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] . . . subjects, or causes

2

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### *2. Eighth Amendment*

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim," and "deliberate indifference to medical needs" violates the Eighth Amendment "only if those needs are 'serious.'" Id. at 9 (citation omitted). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 9 (quotations and citations omitted). With respect to excessive force claims, however, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines

de minimis uses of force, not de minimis injuries)).

Here, although Plaintiff states that he was injured by Defendant King, he fails to provide sufficient facts giving rise to an Eighth Amendment violation for cruel and unusual punishment.

### *2. Federal Tort Claims Act ("FTCA")*

FTCA liability is alleged under theories of public nuisance, private nuisance, trespass, and negligence.

In this case, Plaintiff not only fails to identify the tort under which he intends to proceed, but he fails to allege sufficient facts so as to support any recognizable tort claim. To the extent Plaintiff is intending to allege a claim of negligence, he fails to allege facts sufficient to give rise to a negligence claim. Moreover, Plaintiff fails to link any named Defendant to an act or omission giving rise to any allegation of negligence.

### *3. Retaliation*

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under Section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003.  "Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir.2005) (*citations omitted*).

In assessing the fourth requirement, the court at the pleading stage should ask " 'whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." ' Id. at 568, *quoting* Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir.1999). "The 'government' to which the First Amendment guarantees a right of redress of grievances includes prison authorities, as it includes other administrative arms and units of government." Bradley v. Hall,64 F.3d 1276, 1279 (9th Cir.1995), *citing* Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). An allegation that a defendant subjected a prisoner to "[v]erbal harassment or abuse ... is not

4

sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987) (*internal quotations omitted*).  However, in the context of a prisoner's retaliation claim, threats of discipline or transfer for the plaintiff's exercise of his First Amendment rights are sufficient adverse action to state a claim. See Gomez v. Vernon, 255 F.3d 1118, 1123 (9th Cir.2001); Valandingham v. Bojorquez, 866 F.2d 1135, 1141 (9th Cir.1989).

In this case, Plaintiff alleges that Officer Cole had him transferred to USP Victorville in retaliation for filing claims against Defendant King. (Compl.at 6.)  Plaintiff's allegation is sufficient to state a cognizable claim against Defendant Cole for retaliation.

### 4. *Supervisory Liability*

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at 646.

5

*5. Official Capacity*

The doctrine of sovereign immunity bars his claims for monetary damages against federal government entities and federal officials sued in their official capacities. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction. United States v. Mitchell, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994); Clark v. Library of Congress, 750 F.2d 89, 103 (D.C.Cir.1984) (concluding that sovereign immunity "bar[s] suits for money damages against officials in their official capacity absent a specific waiver by the government"); see Kline v. Republic of El Salvador, 603 F.Supp. 1313, 1317 (D.D.C.1985) (Federal Tort Claims Act does not waive immunity for constitutional tort violations allegedly committed by government employees). "[T]he United States simply has not rendered itself liable ⋯ for constitutional tort claims." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. at 478 (concluding that constitutional tort claim brought under Federal Tort Claims Act not cognizable). Accordingly, Plaintiff may not proceed in this action against federal government officials or employees in their official capacities.

**D. CONCLUSION**

The Court finds Plaintiff's Complaint states a cognizable Eighth Amendment claim against Defendant Cole for retaliation.   However, Plaintiff's Complaint does not contain any other cognizable claims for relief.  As such, the Court will grant Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing whether Plaintiff intends to proceed directly with those claims found to be cognizable.  Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to prior pleadings.

In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue Findings and Recommendations to dismiss those claims not cognizable.  The Court will then forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to effect service on the Defendants.  Upon the return of these forms, the Court will direct the US

Marshal to initiate service of process on Defendants.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL either:

    a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b. Notify the Court in writing that he does not wish to file an Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this Order.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:     November 9, 2006**                              **/s/ Lawrence J. O'Neill**
b9ed48                                                                    UNITED STATES MAGISTRATE JUDGE